IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES IACONA and | : | |
| CEIL IACONA, his wife, | : | |
| | : | No. 4:05-CV-1260 |
| Plaintiffs, | : | |
| | : | (Judge McClure) |
| v. | : | |
| | : | |
| DR. JEFFREY BEARD, | : | |
| SUPT. RAYMOND COLLERAN, | : | |
| RHONDA ELLET, and | : | |
| MICHAEL SKUTACK, | : | |
| in their individual and official | : | |
| capacities, | : | |
| JANAN LOOMIS, P.A., | : | |
| DR. JOHN DOE, | : | |
| DONALD FISK, and | : | |
| PHYSICIAN HEALTH CARE | : | |
| CORP., in their individual and | : | |
| corporate capacities, | : | |
| | : | |
| Defendants. | | |

**O R D E R**

April 25, 2006

On November 24, 2004, plaintiff Charles Iacona slipped and fell after showering at the Pennsylvania State Correctional Institution at Waymart ("SCI-Waymart"). He suffered a fractured skull as a result of his fall. Iacona was 82 years old at the time of injury.

On June 22, 2005, Charles Iacona, along with his wife Ceil, filed this civil

rights action against numerous defendants associated with SCI-Waymart, complaining of, inter alia, the failure to equip the shower with slip-prevention surfaces and failure to render appropriate medical care.

Defendants Beard, Colleran, Ellet, Skutack, and Fiske filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on September 12, 2005 (Rec. Doc. No. 6), and an accompanying brief in support on September 22, 2005 (Rec. Doc. No. 7).  On September 29, 2005, defendant Loomis filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and an accompanying brief in support. (Rec. Doc. Nos. 9 & 10.)  Certificates of service indicate that these documents were mailed to Charles Iacona at SCI-Waymart, and his wife Ceil Iacona at her address in Pittston, Pennsylvania.

Plaintiffs had not responded to defendants' motions to dismiss, and on March 20, 2006, we issued an order indicating that if plaintiffs failed to oppose defendants' motions to dismiss by April 12, 2006, we would dismiss the action without prejudice for failure to prosecute and for failure to comply with an order of court, in accordance with Federal Rule of Civil Procedure 41(b). (Rec. Doc. No. 11.)

Plaintiffs have not opposed the motions to dismiss.[1]  Therefore, in accordance with our order dated March 20, 2006, the entire action will be dismissed without prejudice for failure to prosecute and failure to comply with an order of court.  This ruling does not operate as an adjudication upon the merits. Defendants' motions to dismiss will be denied as moot.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. The complaint is dismissed without prejudice for failure to prosecute and failure to comply with an order of court, in accordance with Federal Rule of Civil Procedure 41(b).  (Rec. Doc. No. 1.)

2. This ruling does not operate as an adjudication upon the merits.

---

[1] On March 27, the clerk's office received a mailing from Charles Iacona. The mailing contained three letters from Attorney Taras M. Wochok to Iacona, discussing the case.  The letters were written in August, September, and October 2005.  In a handwritten note at the bottom of the letters, dated March 20, 2006, Charles Iacona asked the clerk to "please make this letter a part of my file, time stamp this copy and return in the postage paid self addressed envelope."  (Rec. Doc. No. 12.)  These letters are not responsive to the motions to dismiss.

3. Defendants' motions to dismiss are denied as moot. (Rec. Doc. Nos. 6 & 9.)

4. The clerk is directed to close the case file.

                                                  s/ James F. McClure, Jr.
                                                  James F. McClure, Jr.
                                                  United States District Judge